UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONROY GHOST BEAR,<br><br>　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent. | Civ. 12-5004-KES<br><br><br>MEMORANDUM OPINION<br>AND ORDER DENYING MOTION |

Petitioner, Donroy Ghost Bear, filed a pro se petition for relief under 28 U.S.C. § 2255 on January 20, 2012. Docket 1. Respondent moved to dismiss Ghost Bear's petition (Docket 13), and the court referred the matter to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Ghost Bear's § 2255 petition (Docket 17). Magistrate Judge Duffy issued a report and recommendation for the disposition of Ghost Bear's § 2255 petition. Docket 22. Ghost Bear filed timely objections to the report and recommendation. Docket 25. For the reasons set forth herein, Magistrate Judge Duffy's report and recommendation is adopted in its entirety.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any

objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Ghost Bear objects to two portions of Magistrate Judge Duffy's report, the entirety of which finds that Ghost Bear failed to establish a claim for ineffective assistance of counsel and thus is not entitled to relief. Docket 25. First, Ghost Bear objects to Magistrate Judge Duffy's finding that Ghost Bear was timely prosecuted for conspiracy to distribute a controlled substance, and that Ghost Bear's attorney, Steven Jay Rozan, was therefore not deficient in his failure to file a motion to dismiss the indictment. Docket 22 at 15. Ghost Bear maintains that he was not prosecuted within the applicable five-year statute of limitations because his involvement in the conspiracy ended in 2001. Docket 15 at 1–2.

Second, Ghost Bear objects to Magistrate Judge Duffy's finding that even if Rozan was deficient for failing to inform Ghost Bear that his license to practice law in Texas was suspended some time after Ghost Bear's sentencing, Ghost Bear failed to demonstrate that he was prejudiced by the deficient performance. Docket 22 at 33–34. Ghost Bear argues that, had he been aware of Rozan's suspension, "he would have never entered into a plea deal, and would certainly have retained effective counsel and/or possibly continued onto trial." Docket 25 at 3. The court has reviewed de novo the issues raised by

2

Ghost Bear's objections, and for the reasons set forth herein, the court adopts Magistrate Judge Duffy's report and recommendation.

To establish ineffective assistance of counsel, petitioner must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To establish that such performance prejudiced the defense, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

I.  **Ghost Bear Has Not Established that His Attorney Was Ineffective in His Failure to File a Motion to Dismiss the Indictment.**

Ghost Bear argues that the government failed to indict him within the applicable five-year statute of limitations and that Rozan was ineffective in failing to file a motion to dismiss the indictment for violation of the statute of limitations. Docket 25 at 1–2. To support his argument, Ghost Bear cites the statement of factual basis for his guilty plea, which indicates that Ghost Bear's involvement with the drug conspiracy began and ended in 2001. Docket 2-10 at 1. Because the government first indicted Ghost Bear in 2006 for his

3

involvement in the drug conspiracy, Ghost Bear maintains that the indictment was filed outside the five-year statute of limitations.

Pursuant to 18 U.S.C. § 3282, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Count I of the superseding indictment, to which Ghost Bear eventually pleaded guilty, states as follows:

> Beginning at a time unknown to the Grand Jury, but no later than 2000, and continuing through the date of this Indictment, at Pine Ridge, in the District of South Dakota, and elsewhere, the defendants, Donroy Ghost Bear, Dale Ecoffey, Vince Lafferty, Jeremy Waters and Shane Tyon, did knowingly and intentionally combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury knowingly and intentionally to distribute and to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine . . . .

Superseding indictment, *United States v. Ghost Bear, et al.*, CR 06-50095, Docket 47. This information and the corresponding dates are also set out in Ghost Bear's presentence investigation report. Ghost Bear did not object to that portion of the report. *See* Docket 2-13.

Because Count I of the superseding indictment incorporates criminal activity occurring until the date of the superseding indictment, the government was well within the five-year statute of limitations when it indicted Ghost Bear for conspiracy to distribute a controlled substance. Therefore, even assuming that Ghost Bear's counsel performed deficiently by failing to file a motion to

4

dismiss the indictment, Ghost Bear cannot demonstrate prejudice because the court would not have granted a motion to dismiss based on the five-year statute of limitations. *See Hale v. Lockhart*, 903 F.2d 545, 549 (8th Cir. 1990) (finding that the failure to file a futile motion does not constitute ineffective assistance of counsel). Because Ghost Bear cannot establish that, "but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, the court adopts the magistrate judge's finding that Ghost Bear failed to establish ineffective assistance of counsel based on Rozan's failure to file a motion to dismiss.

## II. Ghost Bear Has Not Established that His Attorney Was Ineffective in Failing to Notify Ghost Bear of Particular Disciplinary Actions.

Ghost Bear asserts that Rozan was publically reprimanded by the State Bar of Texas in October 2007, and sanctioned by the Supreme Court of Texas in September 2009.[1] Docket 2 at 10–11; Docket 2-19; Docket 2-25. The terms of the sanction required Rozan to inform all current clients of the suspension on or before September 21, 2009. Docket 2 at 11; Docket 2-25; Docket 21 at 4. According to Ghost Bear, Rozan was therefore obligated to notify Ghost Bear of the suspension, yet failed to do so. Had Rozan complied with the terms of his

---

[1] Ghost Bear also alleges that Rozan provided ineffective assistance to other clients. Docket 2 at 10; Docket 2-21; Docket 2-22. The court, however, will not consider the effectiveness of the assistance Rozan provided to third parties. In determining whether Rozan provided ineffective assistance in this particular instance, the court considers Rozan's performance as it relates to Ghost Bear's proceedings.

suspension, Ghost Bear "would have insisted on retaining new counsel [,] . . . would never had plead guilty, and most definitely would have insisted on trial." Docket 21 at 4.

Even if the court assumes that failing to make required disclosures of prior or pending disciplinary proceedings constitutes deficient performance, the court finds that Ghost Bear has not demonstrated that Rozan's performance was deficient. The suspension and corresponding disclosure requirement was issued in September 2009, ten months after Ghost Bear entered a guilty plea and seven months after he was sentenced.[2] Because the suspension had not yet occurred at the time of Ghost Bear's plea and sentencing hearings, Rozan had no disciplinary information that he was required to disclose to clients such as Ghost Bear. The court therefore finds that Rozan's alleged failure to disclose information related to future disciplinary proceedings does not constitute deficient performance.

Similarly, because the information that Ghost Bear claims affected his decision was not available at the time Ghost Bear chose to plead guilty rather than proceed to trial, Ghost Bear cannot demonstrate that Rozan's alleged failure to disclose such information prejudiced the outcome of Ghost Bear's proceedings. "A habeas petitioner claiming ineffective assistance of counsel

---

[2] Ghost Bear entered into a plea agreement on November 3, 2008 (Docket 2-9), pleaded guilty on November 18, 2008 (Docket 2-12), and was sentenced on February 18, 2009 (Docket 2-14).

6

after a guilty plea must establish that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Madden v. Norris*, 5:09-CV-00189-SWWJJV, 2010 WL 545940, at *3 (E.D. Ark. Feb. 10, 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see also Reed v. Moore*, 4:06-CV-512-JCH, 2007 WL 2609832, at *4 (E.D. Mo. Sept. 5, 2007) ("After a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made.").

     Here, Ghost Bear does not assert that the information allegedly withheld by Rozan related to the specific circumstances of his case, nor does he explain how Rozan's alleged failure to disclose disciplinary information affected his decision to plead guilty. Instead, Ghost Bear merely reasserts that he would have hired new counsel, would not have pleaded guilty, and would have proceeded to trial had he known about the disciplinary action that would later be taken against Rozan. Because the disciplinary action at issue did not occur until several months after Ghost Bear pleaded guilty, such information could not have affected his decision to plead guilty rather than proceed to trial. Bare assertions to the contrary are insufficient to demonstrate prejudice, and the court therefore adopts the magistrate judge's finding that Ghost Bear failed to establish ineffective assistance of counsel based on Rozan's failure to disclose information related to future disciplinary proceedings. Accordingly, it is

ORDERED that the report and recommendation of Magistrate Judge Duffy (Docket 22) is adopted in its entirety. Ghost Bear's § 2255 petition does not state a claim for ineffective assistance of counsel. The court therefore rejects Ghost Bear's objections to Magistrate Judge Duffy's report and recommendation (Docket 25), grants respondent's motion to dismiss (Docket 13), and denies Ghost Bear's § 2255 application (Docket 1).

IT IS FURTHER ORDERED that Ghost Bear's request for an evidentiary hearing is denied as moot.

IT IS FURTHER ORDERED that Ghost Bear's motion to seal (Docket 26) is denied for failure to show good cause.

Dated October 23, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE