UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DONROY GHOST BEAR, | ) | Civ. 12-5004-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| UNITED STATES OF AMERICA, | ) | ON APPEAL |
| | ) | |
| Respondent. | ) | |

Petitioner, Donroy Ghost Bear, filed a pro se petition for relief under 28 U.S.C. § 2255 on January 20, 2012. Docket 1. On February 19, 2013, Ghost Bear's § 2255 petition was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of the § 2255 petition. Docket 17. On May 21, 2013, Magistrate Judge Duffy recommended that the court grant defendant's motion to dismiss and thus deny Ghost Bear's § 2255 petition because Ghost Bear failed to demonstrate that he was prejudiced by counsel's allegedly deficient performance and because he failed to make a substantial threshold showing of any improper government motive for failing to file a Rule 35 motion. Docket 22 at 38. After considering Ghost Bear's objections (Docket 25), the court adopted Magistrate Judge Duffy's Report and Recommendation and denied Ghost Bear's § 2255 petition (Docket 27). Ghost Bear now requests a certificate of

appealability and moves to proceed in forma pauperis on appeal. Dockets 30, 31.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Nonetheless, the Eighth Circuit has held that the filing-fee provisions of the PLRA do not apply to habeas corpus actions. *Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001). Therefore, to determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full filing fee, and (2) whether the petitioner's appeal is taken in "good faith."[1] 28 U.S.C. § 1915(a)(1), (3).

In the instant case, Ghost Bear has provided the court with a report of his prisoner trust account, which reflects average monthly deposits of $312.88 and an average monthly balance of $145.47. Docket 32. Based on Ghost Bear's financial information and concluding that his appeal is taken in good faith, the court finds that Ghost Bear is entitled to proceed in forma pauperis on appeal. Accordingly, it is

---

[1] "To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided are factually or legally frivolous." *Zuniga-Hernandez v. Reese*, No. Civ. 02-718, 2003 WL 23746157, at *1 (D. Minn. Jan. 14, 2003) (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)).

ORDERED that Ghost Bear's motion for leave to proceed in forma pauperis on appeal (Docket 31) is granted. The $455 appellate filing fee is waived.

IT IS FURTHER ORDERED that Ghost Bear's motion for certificate of appealability (Docket 30) is granted.

Dated January 6, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE